<div style="float:right">May Term, 1850.

Huss
v.
Turner.</div>

---

## Huss v. Turner.

The plaintiff filed in the clerk's office a bond of submission executed to him by the defendant and an award in favor of the former against the latter. The defendant moved the Court to have the award modified, and the motion was sustained. He proved that the arbitrators, in making the award, did not take a judgment in his favor against the plaintiff into consideration, it not having been brought before them. The Court ordered the amount of the judgment to be entered in favor of the defendant on the award and adjudged that said judgment was satisfied. This allowance caused a balance against the plaintiff on the award for which

May Term,
1850.

Huss
v.
Turner.

Tuesday,
October 22.

judgment was rendered against him.  *Held*, that there was error in causing the judgment to be credited on the award, and that the judgment in favor of the defendant was erroneous.

ERROR to the *Wells* Circuit Court.

BLACKFORD, J.—In *February*, 1844, *Huss* filed, in the clerk's office of the *Wells* Circuit Court, a bond of submission executed to him by *Turner*, and an award in his, *Huss's*, favor against *Turner*, for a certain sum of money.

At the *September* term, 1844, the defendant, *Turner*, moved to have the award modified and corrected, and the motion was sustained. The Court, thereupon, ordered the sum of 66 dollars and 88 cents to be entered in favor of *Turner* on the award, that being the amount of a judgment rendered in favor of *Turner* in a former suit between him and *Huss*. Before this credit of 66 dollars and 88 cents was entered on the award as mentioned above, *Turner* proved to the Court that the arbitrators, in making their award, did not take that judgment into consideration, such judgment not having been brought before the arbitrators. The Court also adjudged that said judgment of 66 dollars and 88 cents was satisfied.

The allowance against *Huss* of said judgment of 66 dollars and 88 cents caused the balance on the award to be against him; for which balance the Circuit Court rendered judgment against him in favor of *Turner*, with costs, except the costs of the arbitration.

The question presented by this case is, whether the Court committed an error in causing the judgment in favor of *Turner* to be credited on the award; and we think they did.

The statute points out only three cases in which an award may be modified.  They are as follows:

First, where there is an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property, referred to in the award ; secondly, where the arbitrators shall have awarded upon some matter not submitted, and not affecting the merits of the decision on the matters submitted; thirdly, where the award is imperfect in some matter of form not affect-

ing the controvery, and where, if it had been a verdict, such defect could have been properly amended or disregarded by the Court.   R. S. p. 790, s. 17.

The case before us does not appear to be embraced within any of those provisions.   We think the judgment in favor of *Turner* is erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings.   Costs here.

*H. Cooper*, for the plaintiff.